United States District Court
Middle District of Florida
Jacksonville Division

**LEE DECARDENAS,**

    *Plaintiff,*

v.                                                             No.  3:21-cv-956-PDB

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

The Court granted the Acting Commissioner of Social Security's unopposed motion to remand the case, reversed the denial of Lee Decardenas's application for benefits, and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 18, 19. Decardenas now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $4,894.64 in attorney's fees and $402 in costs. Doc. 21. The Acting Commissioner has no opposition. Doc. 21 at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested fees, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2). The first three conditions are satisfied here. As to the fourth condition, Decardenas contends the Acting Commissioner's position was not substantially justified, Doc. 21 at

1–2, and the Acting Commissioner has not tried to satisfy her burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

The fee applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 22.9 hours of work by Chantal Harrington, Esquire. Doc. 21 at 2; Doc. 21-2 (time report). Decardenas requests an hourly rate of $213.74 for work done in 2021 and 2022. Doc. 21 at 2.

The requested rates and hours claimed are reasonable. The rates are within the prevailing market rates for similar services provided by lawyers of

2

reasonably comparable skills, experience, and reputation. The increase in the cost of living from 1996 to when the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited August 9, 2022). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 21-2.

The Court leaves to the Acting Commissioner's discretion whether to accept Decardenas's assignment of EAJA fees, *see* Doc. 21 at 3; Doc. 21-1, after determining whether he owes a federal debt.

Decardenas requests $402 in costs for the filing fee. Costs for items in 28 U.S.C. § 1920 are allowed under the EAJA. 28 U.S.C. § 2412(a). Items in § 1920 include "fees of the clerk and marshal." *Id.* § 1920(1). Awarding $402 for costs is warranted as a fee of the clerk that Decardenas paid.

Because Decardenas is eligible and the requested attorney's fees and costs are reasonable, the Court **grants** the motion, Doc. 21, **awards** him $4,894.64 in attorney's fees and $402 in costs, and **directs** the Clerk of Court to enter judgment in favor of Lee Decardenas and against the Acting Commissioner of Social Security for $4,894.64 in attorney's fees and $402 in costs.

**Ordered** in Jacksonville, Florida, on August 9, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*