United States District Court
Middle District of Florida
Jacksonville Division

**LEE DECARDENAS,**

   *Plaintiff,*

v.                                                                                         NO. 3:21-cv-956-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

   *Defendant.*

---

# Order

Lee Decardenas's lawyer, Chantal Harrington, requests as an attorney's fee $17,975.61 from Decardenas's past-due benefits. Doc. 26.

## Background

Decardenas applied for disability-insurance benefits. Tr. 218–19. An Administrative Law Judge found him not disabled, Tr. 18–39, and the Appeals Council denied his request for review, Tr. 1–6. He and Harrington entered into a contingent-fee agreement under which Harrington agreed to represent him, and Decardenas agreed to pay Harrington 25 percent of any past-due benefits, minus any attorney's fee paid under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. 26-1. Harrington filed a complaint, Doc. 1, and the Commissioner filed an 890-page administrative record, Doc. 11. Harrington filed a 25-page brief raising three issues and arguing why the Commissioner was wrong. Doc. 17. In response, the Commissioner moved to reverse the agency decision and remand the case to the agency. Doc. 18. The Court granted the motion, reversed the agency decision, and remanded the case for further

agency proceedings. Doc. 19. The Court later granted Decardenas's EAJA request for $4,894.64 as an attorney's fee based on 22.9 hours of work. Doc. 22. On remand, the agency awarded Decardenas past-due benefits and withheld 25 percent of the amount for an attorney's fee ($22,870.25). Doc. 26-2. The agency issued a notice of award on January 13, 2024. *Id*. The current request followed. Doc. 26.

Decardenas moved for an extension of time to request an attorney's fee under 42 U.S.C. § 406(b), explaining the notice of award "appears to be incorrect." Doc. 24 at 1. The Court granted the motion and extended the deadline to thirty days from the date Decardenas "receives notice from the Commissioner of the correct award amounts." Doc. 25. In the fee request, Harrington explains that on July 11, 2024, she spoke with Mr. Ruffin from the Baltimore Payment Center, and he explained the following:

> [D]ue to Agency backlogs in issuing formal notices of award, there was a discrepancy between the amount of past due benefits for purposes of calculating attorney fees (calculating past due benefits through August 2023) vs. the amount of past due benefits actually due to [Decardenas] through December 2023. He stated that the amount of past due benefits due to [Decardenas] through December 2023 was $98,851.70. The amount of past due benefits due to [Decardenas] through August 2023 (for purposes of calculating attorney fees) was $91,481.00.
>
> Due to the backlogs in notices, the Payment Center indicated that a new notice of award would not be generated to clarify the first notice. [Decardenas] confirmed that [he] received a check (without any explanation) in the amount of $75,981.45 in January 2024 which is consistent with a total past due benefit through December 2023 of $98,851.70. In the interest of time and since [Decardenas] received his full amount of back benefits (minus attorney fee withholding), the undersigned counsel is seeking $22,870.25 as 406(b) fees (the amount withheld by the Commissioner).

Doc. 26 at 3–4 (paragraph numbering omitted). Harrington filed the fee request on July 15, 2024. *Id*. The Court considers the request timely.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an

3

independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of a requested fee, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fee would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Harrington requests a fee of **$17,975.61** by deducting the EAJA fee ($4,894.64) from the withheld past-due benefits ($22,870.25). Doc. 26 at 5, 7. To establish the requested fee is reasonable for the services rendered, she provides the following information. She "has been handling Social Security

4

disability matters in federal court since the mid 1990's (almost 30 years) and has extensive experience in Social Security disability law, with a focus on Appeals Council and federal court appeals." *Id.* at 6. Her representation of Decardenas and her expertise "resulted in the court reversing and remanding the 2021 unfavorable decision, which allowed [Decardenas] to ultimately win benefits at the administrative level." *Id.* She "took a significant risk of loss in taking [Decardenas]'s case because [his] claim had already been denied on multiple occasions, would be remanded to an administrative law judge who already denied his claim once under substantially the same facts, and due to [his] young age" but despite that knowledge, she "agreed to handle [his] case in federal court." *Id.* at 5. Had she refused, Decardenas "may not have finally won over $98,000 in past due benefits, Medicare, and ongoing benefits." *Id.* Thus, "[t]he requested fee is fair and reasonable and the contingent fee agreement should be enforced." *Id.*

For the reasons provided and the Court's own knowledge of Harrington's expertise in social-security law, the requested fee is reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award and that Decardenas's success may be attributed to Harrington's skills and experience, "reap[ing] the benefit of [the] work" is appropriate. *See Jeter*, 622 F.3d at 381 (quoted). Because Harrington asks to deduct the amount of the EAJA award from her § 406(b) fee request, no amount must be refunded to Decardenas.

## Conclusion

The Court:

1. **grants** the request, Doc. 26; and

2.  **authorizes** Harrington to charge Decardenas **$17,975.61** from past-due benefits for the successful representation of Decardenas.

**Ordered** in Jacksonville, Florida, on August 5, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*